MEMORANDUM *
Plaintiff-Appellant United States of America appeals the district court’s grant of Defendant-Appellee Joel Blanford’s motion to suppress statements he made during an in-home interview with federal agents. Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We have jurisdiction pursuant to 18 U.S.C. § 3731. Reviewing de novo the district court’s decision to suppress statements under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and reviewing for clear error the district court’s underlying factual findings, we affirm. See United States v. Brobst, 558 F.3d 982, 995 (9th Cir.2009).
Blanford was in custody for Miranda purposes during his in-home interview because a reasonable person “would ‘have felt he or she was not at liberty to terminate the interrogation and leave.’ ” United States v. Craighead, 539 F.3d 1073, 1082 (9th Cir.2008) (quoting Thompson v. Keohane, 516 U.S. 99, 112, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995)). Although Blanford invited the agents into his home, we hold that, in light of the totality of the circumstances, the interview was custodial. Blanford was isolated during the interview, which lasted forty-five minutes. The agents were armed with guns, advised him not to have a lawyer present, and confronted him with substantial evidence of his guilt for fraud and not telling the truth, to stop him from terminating the interview or leaving. Moreover, the agents outnumbered Blanford and restrained Blanford by threatening him with criminal charges if he did not cooperate and answer their questions after showing him evidence strongly suggesting his guilt. Blanford answered the agents’ questions when he was alone, and the agents never informed him that he was free to leave or terminate the interview. Under these circumstances, the balance of the relevant factors suggests that Blanford was in custody. See Brobst, 558 F.3d at 995; Craighead, 539 F.3d at 1084. The circumstances of his interview created a police-dominated atmosphere. See Craighead, 539 F.3d at 1084.
*626 Because Blanford was in custody during his in-home interview, and the agents did not give him Miranda warnings before questioning him, the agents violated Miranda. See Stansbury v. California, 511 U.S. 318, 322, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994) (per curiam). Thus, we affirm the district court’s suppression of Blanford’s statements. See id.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.